# EXHIBIT "A"

## IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| MIGUEL MARTINEZ, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. |
| | ) STCV0900497 |
| RYCARS CONSTRUCTION, LLC, | ) JURY TRIAL DEMANDED |
| | ) |
| Defendant. | ) |

### COMPLAINT

NOW COMES Miguel Martinez, Plaintiff, and files his Complaint against Rycars Construction, LLC, showing the Court as follows:

#### Jurisdiction and Venue

1.

Miguel Martinez is a resident of Chatham County, Georgia and has submitted himself to this Court's jurisdiction and venue via the filing of his Complaint.

2.

Rycars Construction, LLC (hereinafter "Rycars") is a Louisiana limited liability company which is authorized to transact business in Georgia. Rycars is subject to this Court's jurisdiction. Rycars may be served via service upon its registered agent, Ryan Edward Burks, 5101 Buffington Road, Ste. 3444B, College Park, Fulton County, Georgia 30349 or via service upon its officers, directors, or managing agents.

3.

Venue is proper in Chatham County because this action involves a tort and the cause of action arose in Chatham County.

FEB 24 2010

## Facts

4.

Prior to, and on the date of his injury, Miguel Martinez was a maintenance worker for the Georgia Department of Human Resources at Georgia Regional Hospital in Savannah, Georgia.

5.

Rycars entered into a 3/26/08 contract with the Georgia Department of Human Resources to replace the roof on five buildings at Georgia Regional Hospital in Savannah, Georgia (hereinafter "Georgia Regional") for $791,630.

6.

The contract between Rycars and the Georgia Department of Human Resources provided that Rycars alone was responsible for the safety of its appliances and methods and for any damage that may result from their improper construction, maintenance, or operations, and that the supervisor of Rycars shall have the duty to prevent accidents.

7.

The contract between Rycars and the Georgia Department of Human Resources also provided that Rycars was responsible for all injuries and was to indemnify the Georgia Department of Human Resources for same. The specifications to the contract included a safety plan, which provided that Rycars would protect the tenants, visitors, and others on Georgia Regional's property from injury resulting from Rycars' operations.

8.

The contract between Rycars and the Georgia Department of Human Resources provided that Rycars would be familiar with, and would comply with, various OSHA

regulations, Georgia statutes, Department of Labor rules, and the Manual of Accident Prevention in Construction.

9.

The contract between Rycars and the Georgia Department of Human Resources provided that Rycars was to access the roof of the buildings via ladders.

10.

The specifications for the contract between Rycars and the Georgia Department of Human Resources provided that Rycars was not to use its material and equipment for purposes other than that for which it was designed.

11.

Rycars had executive supervisor Lance Catchot as its on site representative. Mr. Catchout supervised subcontractors who were hired by Rycars to perform the work at Georgia Regional.

12.

Rycars rented two JGL Industries, Inc. Telehandler G6-42A Lifts to use at the job site at Georgia Regional. Said lifts included a warning that when lifting personnel use only a Gradeall manufactured Personal Work Platform and a warning that attachments to the lift must be secured to the machine or there could be a personal injury from a fall.

13.

JLG Industries manufactured a Quick Attach and Fork Mounted Work Platform or Personnel Platform with a width of 8 feet which was designed to securely attach to the JLG Industries, Inc. Telehandler G6-42A for purposes of lifting equipment and men. Rycars did not use this attachment while performing the work at Georgia Regional.

3

14.

Materials were shipped to Rycars at the Georgia Regional job site in large wooden crates. After emptying these crates, Rycars, or the personnel which Rycars was supervising and responsible for, would remove one side of the crate and cut holes in the opposite side of the crate. The crate would be placed on top of the prongs on the front of the JLG lifts and secured with a rope which went through those holes and around the prongs of the lift. Rycars then used the lift, with crates attached via ropes, to raise materials and men onto the roofs for purposes of performing its work at Georgia Regional.

15.

About a week or so before Miguel Martinez' injury, a storm hit the Georgia Regional Hospital area, damaging or destroying a number of trees. The Georgia Department of Human Resources hired a contractor or others to remove many of the trees and limbs but that contractor or other personnel left some broken limbs hanging from at least one tree.

16.

An employee of the Georgia Department of Human Resources, Lester Jump, asked Lance Catchot if he could use one of the lifts so that one or more of his employees could get in same and be raised up to cut tree limbs. Mr. Catchot gave permission to use the lift after his employees had finished using it that morning. When the lift was loaned by Lance Catchot and Rycars to Lester Jump and the Georgia Department of Human Resources, the lift had a crate attached to the front prongs of the lift via rope.

4

17.

Lester Jump operated the lift and told Miguel Martinez to get into the crate on the lift. Miguel Martinez was raised up about 10 feet to cut one tree limb off of a tree and then was raised up to a height of about 20 feet above the ground to cut off a second limb from that tree. When the crate was about 20 feet off the ground, the crate shifted to one side, the rope holding the crate onto the prongs of the lift broke, and the crate and Miguel Martinez fell to the ground, severely injuring Miguel Martinez.

18.

As a result of Miguel Martinez' 7/31/08 injury at Georgia Regional's premises in Savannah, Georgia, Miguel Martinez has incurred past medical specials of approximately $554,830.77, a handicap accessible van for $61,700.00, past lost wages, will continue to incur lost wages with a present value of approximately $752,819, and medical bills of approximately $4,717,318 into the future. Current specials total at least $6,086,667.77.

## Count I – Bailment

19.

Plaintiff repeats and re-alleges paragraphs 1 through 18 above as if each were set forth here again in its entirety.

20.

In regard to the lift which was involved in Miguel Martinez' injury, Rycars was the bailor of same and the Georgia Department of Human Resources was the bailee.

21.

When Rycars bailed the lift to the Georgia Department of Human Resources, Rycars knew that the Georgia Department of Human Resources was going to use the lift to carry personnel into the air to cut tree limbs. Rycars knew that the attachment on the lift was not suited for that purpose because the attachment was not a manufactured attachment designed for that purpose but was simply a box and old rope used to tie the box or crate onto the prongs of the lift. As such, Rycars knew that the lift constituted a dangerous instrumentality and that same was dangerous for the purpose for which the Georgia Department of Human Resources intended to use same.

22.

Rycars breached its implied warranty that the lift was free from hidden defects, the implied warranty that the lift was fit for the purpose for which it was hired, and the warranty that the lift was free from patent defects when it bailed the lift and its attachment to the Georgia Department of Human Resources.

23.

Rycars was aware that the lift with the attached crate violated OSHA regulations, the manufacturer's manual and instructions, and the manufacturer's warning. Despite the fact that it was aware that there were defects in the lift, Rycars violated its duty to inform the Georgia Department of Human Resources and employees of the Georgia Department of Human Resources of said defect so that they could avoid same and not be injured by the use of the lift.

6

24.

The consideration for the bailment included the business relationship between Rycars and the Georgia Department of Human Resources, both then and the potential business relationship in the future, thus making the bailment one of mutual benefit.

25.

If the bailment was gratuitous, Rycars violated the obligations of a bailor for a gratuitous bailment because Rycars was aware of the defects which made the bailed property perilous and failed to inform the Georgia Department of Human Resources of these defects.

26.

Additionally, Rycars had a duty to examine the lift and the attached crate for defects and to put same into good condition before lending the lift and crate to the Georgia Department of Human Resources because the lift and crate were inherently dangerous articles and were supplied for a dangerous use. Rycars failed to exercise ordinary reasonable care to inform the Georgia Department of Human Resources of that dangerous condition and of the facts which made it likely to be dangerous, knowing that the Georgia Department of Human Resources would not realize the dangerous condition and would use it as they had seen Rycars use the lift.

27.

The Georgia Department of Human Resources could only use the lift in question with the permission of the bailor, Rycars, since Rycars had exclusive control over same on the date of Miguel Martinez' injury. Miguel Martinez' injuries were proximately caused by Rycars' breach of its duties as bailor.

7

### Count II – Breach of Warranties

28.

Plaintiff repeats and re-alleges paragraphs 1 through 27 above as if each were set forth here again in its entirety.

29.

Rycars breached its implied warranty that the lift was free from hidden defects, the implied warranty that the lift was fit for the purpose for which it was hired, and the warranty that the lift was free from patent defects when it bailed the lift and its attachment to the Georgia Department of Human Resources. Same proximately caused the injuries to Miguel Martinez.

### Count III – Negligence

30.

Plaintiff repeats and re-alleges paragraphs 1 through 31 above as if each were set forth here again in its entirety.

31.

As a result of the business and contractual relationship between Rycars and the Georgia Department of Human Resources, Rycars owed a duty to the Georgia Department of Human Resources and its employees, including Miguel Martinez, to exercise ordinary reasonable care to keep the employees of the Georgia Department of Human Resources at Georgia Regional safe from injuries resulting from Ryoars activities at Georgia Regional. Rycars breached that duty and proximately caused the injury to Miguel Martinez.

8

32.

Rycars, either directly or indirectly, represented that the lift and attached crate were safe for the use intended by Georgia Regional. As a proximate result of that negligent representation, Miguel Martinez was severely injured.

### Count IV – Strict Liability

33.

Plaintiff repeats and re-alleges paragraphs 1 through 32 above as if each were set forth here again in its entirety.

34.

The breach of the above referenced warranties makes Rycars strictly liable to Miguel Martinez.

### Count V – Duty to Warn

35.

Plaintiff repeats and re-alleges paragraphs 1 through 34 above as if each were set forth here again in its entirety.

36.

As a result of the business, contractual, and bailment relationship between Rycars and the Georgia Department of Human Resources, Rycars had a duty to warn both the Georgia Department of Human Resources and Miguel Martinez of the danger of using the lift and the attached crate in general and for the specific purpose for which same was bailed. Miguel Martinez did not understand the defect and the danger of the use.

37.

As a result of the failure of Rycars to warn Miguel Martinez and the Georgia Department of Human Resources of the danger of using the lift and attached crate, Miguel Martinez was injured.

### Count VI – Third Party Beneficiary

38.

Plaintiff repeats and re-alleges paragraphs 1 through 37 above as if each were set forth here again in its entirety.

39.

As a result of the contract between Rycars and the Georgia Department of Human Resources, Miguel Martinez was a third party beneficiary to that contract. Pursuant to the terms of the contract, Rycars was responsible for the safety of the lift and was responsible for Miguel Martinez' injury. Rycars breached the duty of that contract to prevent accidents.

40.

Miguel Martinez was injured as a proximate result of the breach of the contractual obligations of Rycars.

### Count VII – Breach of Professional Duty

41.

Plaintiff repeats and re-alleges paragraphs 1 through 40 above as if each were set forth here again in its entirety.

42.

As a professional contractor under Georgia law, Rycars owed a duty to Miguel Martinez, independent of the contract with the Georgia Department of Human Resources, to avoid harming him.

43.

Rycars breached its independent duty to Miguel Martinez when it provided a defective and dangerous piece of equipment to the Georgia Department of Human Resources, knowing that same would be used by employees of the Georgia Department of Human Resources to raise employees into the air for purposes of cutting tree limbs. As a proximate result of Rycars' breach of its independent duty to Miguel Martinez, Miguel Martinez was injured.

### Count VIII – Supply Chattel for Dangerous Use

44.

Plaintiff repeats and re-alleges paragraphs 1 through 43 above as if each were set forth here again in its entirety.

45.

Rycars supplied the lift and crate to Georgia Regional knowing that Georgia Regional's personnel, such as Miguel Martinez, would be placed inside the crate and raised into the air.

46.

Rycars knew that the above use of the lift and crate would be dangerous for anyone inside the crate, and knew that Georgia Regional's personnel would not realize the danger but failed to inform Georgia Regional's personnel of the lift and crate's

11

dangerous condition. As a proximate result of that failure, Miguel Martinez was severely injured.

### Count IX – Punitive Damages

47.

Plaintiff repeats and re-alleges paragraphs 1 through 46 above as if each were set forth here again in its entirety.

48.

The actions of Rycars show a conscious indifference to serious consequences and entitle Miguel Martinez to recover punitive or additional damages.

WHEREFORE, Plaintiff, Miguel Martinez respectfully requests that this Court provide the following relief:

a) For adequate and timely service and service of process upon Defendant;

b) That Miguel Martinez recover special damages including past, present, and future lost wages, medical expenditures, and non-medical expenditures;

c) That Miguel Martinez recover general compensatory damages for past, present, and future mental and physical pain and suffering;

d) That Miguel Martinez recover punitive or additional damages for the Defendant's conscious indifference to serious consequences;

e) For trial by jury;

f) For such other and further relief as this Court deems just and appropriate.

This ___ day of February, 2010.

OWENS & MULHERIN

_____
WILBUR D. OWENS, III
Attorney for Plaintiff
Georgia State Bar No. 557810

PO Box 13368
Savannah, GA 31419-3368
(912) 691-4686